10-3478-cv
Tortora v. SBC Communications, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 3rd day of November, two thousand eleven.

Present:
        RALPH K. WINTER,
        ROBERT A. KATZMANN,
        RICHARD C. WESLEY,
                        *Circuit Judges*

_____

SUSAN TORTORA,

                *Plaintiff-Appellant*,

                - v. -                          No. 10-3478-cv

SBC COMMUNICATIONS, INC., SBC, SBC DISABILITY INCOME PLAN, AT&T INTEGRATED DISABILITY SERVICE CENTER, and SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,

                *Defendants-Appellees*.[*]

_____

For Plaintiff-Appellant:           JON C. LYONS, Lancaster, PA

For Defendants-Appellees:          KRISTINE J. FEHER, Day Pitney LLP, Parsippany, N.J**.**

---

[*] The Clerk of the Court is hereby directed to amend the official caption as set forth above.

Appeal from the United States District Court for the Southern District of New York (Scheindlin, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Susan Tortora appeals from an order entered by the District Court for the Southern District of New York (Scheindlin, *J.*), granting summary judgment to Defendants-Appellees and dismissing Tortora's claims pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461 ("ERISA"). Tortora is a member of an employer-provided health care plan governed by ERISA and for which claims for disability benefits are administered by Defendant-Appellee Sedgwick Claims Management Services, Inc. ("Sedgwick"), which denied Tortora's request for short-term disability benefits in June 2006. On appeal, Tortora argues that Sedgwick's decision was arbitrary and capricious because, *inter alia*, Sedgwick's denial letter failed to satisfy ERISA's notice requirements, and Sedgwick failed to give adequate consideration to the medical views of her treating physicians. We assume the parties' familiarity with the remaining facts and procedural history of the case.

"In an ERISA action, we review the district court's grant of summary judgment based on the administrative record *de novo* and apply the same legal standard as the district court." *Hobson v. Metro. Life Ins. Co.*, 574 F.3d 75, 82 (2d Cir. 2009). "[W]here, as here, written plan documents confer upon a plan administrator the discretionary authority to determine eligibility, we will not disturb the administrator's ultimate conclusion unless it is 'arbitrary and capricious.'" *Id.* (other internal quotation marks omitted); *see also Pepe v. Newspaper & Mail Deliveries'-Publishers' Pension Fund*, 559 F.3d 140, 146 (2d Cir. 2009). Under this standard, "a court may not overturn the administrator's denial of benefits unless its actions are found to be arbitrary and capricious, meaning without reason, unsupported by substantial evidence or

2

erroneous as a matter of law." *McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 132 (2d Cir. 2008) (internal quotation marks omitted).

Section 503 of ERISA requires that an employee benefit plan "provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant," and "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review." 29 U.S.C. § 1133(1)-(2). The Department of Labor regulations further specify that an adverse benefit determination must "set forth, in a manner calculated to be understood by the claimant . . . [t]he specific reason or reasons for the adverse determination; [r]eference to the specific plan provisions on which the determination in based; [a] description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; [and a] description of the plan's review procedures and the time limits applicable to such procedures." 29 C.F.R. § 2560.503-1(g)(1)(i)-(iv).

In the instant dispute, Sedgwick denied Tortora short-term disability benefits in a June 22, 2006 letter that stated: "Clinical information does not document a severity of your condition(s) that supports your inability to perform your occupation as a Senior Business Manager from June 16, 2006 through your return to work." J.A. 249. The letter stated that Tortora's short-term benefits were denied based on the neuropsychological evaluation conducted by Dr. Candace Hargett, and reviewed independently at Sedgwick's request by Dr. Robert Reff. The evaluation indicated that Tortora was not mentally disabled and unable to perform her job and further stated that her "emotional state may . . . be improved by returning to work." *Id.* at 246.

On appeal, Tortora argues that the letter's language, "[i]n your appeal, please state the reason(s) you believe your claim should not be denied.  You may also submit additional medical or vocational information, and any facts, data, questions or comments you deem appropriate for us to give your appeal proper consideration," *id.* at 249, is insufficient to satisfy ERISA's notice requirements because it does not indicate how she can perfect her claim.  She also argues that the specific notice requirements of the AT&T Disability Income Plan ("DIP") have not been met.

We disagree that the letter did not provide Tortora the specific information necessary for her to perfect her claim.  Defendants argue on appeal that the claim letter satisfies ERISA's requirements, as codified at 29 C.F.R. § 2560.503-1(g), since it referenced the DIP's provision defining "disability"; set forth that the denial of the claim was not based on missing or incomplete medical information, but rather, that the medical evidence from Dr. Hargett's report did not document a disability; informed her that she could provide additional medical information supporting an inability to work; and described the plan's review procedures.  The notice letter's concluding statement that "[c]linical information does not document a severity of your condition(s) that supports your inability to perform your occupation," J.A. 249, adequately communicates to Tortora that the medical evidence provided by her physicians did not support a finding of disability.  That Tortora was adequately informed of how she could perfect her claim is apparent based on her subsequent appeals in which she submitted additional documentation for a diagnosis of fibromyalgia.  Moreover, we agree with the district court that the renewal of short-term benefits also provided Tortora with adequate notice since, even prior to the June 2006 letter, she was able to perfect her claim twelve times until Sedgwick determined, based on Dr. Hargett's neuropsychological evaluation, that she was not unable to perform her job.  *See, e.g.*, *Hobson*, 574 F.3d at 87-88 (finding ERISA's notice requirement satisfied where plaintiff was

4

able to perfect her claim three times). We thus conclude that Sedgwick substantially complied with ERISA's notice requirements, whose purpose is to "provide claimants with enough information to prepare adequately for further administrative review or an appeal to the federal courts." *Juliano v. Health Maint. Org. of N.J.*, 221 F.3d 279, 287 (2d Cir. 2000) (internal quotation mark omitted); *see also Cook v. N.Y. Times Co. Long-Term Disability Plan*, 02 Civ. 9154 (GEL), 2004 WL 203111, at *6 (S.D.N.Y. Jan. 30, 2004) ("[T]he Second Circuit has indicated that 'substantial compliance' with the regulations may suffice to meet § 1133's mandate of full and fair review, even when an individual communication from the administrator does not strictly meet those requirements."). Furthermore, since the DIP's notice requirements do not appear to require any more information than that required by ERISA, we also hold that the notice letter satisfied the DIP's notice requirements.

We turn next to Tortora's argument that Sedgwick failed to give adequate consideration to her treating physicians when it denied her claim for short-term disability benefits. Sedgwick relied primarily on Dr. Hargett's evaluation, coupled with Dr. Reff's review of that evaluation, in denying Tortora's claim. After appealing that decision by submitting additional medical evidence of a diagnosis of fibromyalgia, Sedgwick submitted the medical evidence to additional reviewers, who concluded that the medical evidence did not support Tortora's claim. "Nothing in the Act . . . suggests that plan administrators must accord special deference to the opinions of treating physicians," *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 831 (2003), and "courts have no warrant to require administrators automatically to accord special weight to the opinions of a claimant's physician; nor may courts impose on plan administrators a discrete burden of explanation when they credit reliable evidence that conflicts with a treating physician's evaluation," *id.* at 834. *See also Zoller v. INA Life Ins. Co. of N.Y.*, No. 06 Civ. 112

5

(RJS), 2008 WL 3927462, at *13 (S.D.N.Y. Aug. 25, 2008) ("It is well settled that, in denying a claim for benefits under ERISA, the plan administrator may rely on the opinion of independent medical reviewers who have not conducted an examination of the applicant, even where the reviewer's opinion conflicts with that of the treating physicians."). Tortora further argues that the independent reviewers were not competent on the ground that none of them was a neuropsychologist, but defendants explain that the reviewers included a psychiatrist, a neurologist, and a neuropsychiatrist. Def. Br. at 28 n.8. Since the scope of our review is "narrow" and "we are not free to substitute our own judgment for that of [the insurer] as if we were considering the issue of eligibility anew," *Hobson*, 574 F.3d at 83-84 (alterations in original), we therefore hold that Sedgwick's decision to deny Tortora short-term disability benefits was neither arbitrary nor capricious.

We have reviewed Tortora's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6